Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
**BRADLEY/GROMBACHER LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone: (805) 270 7100
Facsimile:  (805)270 7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

Attorneys for Plaintiff
KEAIRRA HEAGGANS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEAIRRA HEAGGANS, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> G2 SECURE STAFF, L.L.C., a Texas limited liability company; G2 SECURE STAFF CA, L.P., a California limited partnership, and DOES 1-100, inclusive, <br><br> Defendants. | Case No. 2:17-cv-09206-GW-PLAx <br><br> Assigned to Hon. George H. Wu <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Date:       August 31, 2020 <br> Time:      8:30 a.m. <br> Location: United States District Court <br>                Central District <br>                350 W. 1st Street <br>                9th Floor, Courtroom 9D <br>                Los Angeles, California 90012 <br><br> *[Filed Concurrently with Declarations of Marcus J. Bradley, Keairra Heaggans and Lindsay Kline]* |

## **TABLE OF CONTENTS**

I.    **INTRODUCTION** ................................................................................... 4

II.   **SUMMARY OF SETTLEMENT** ........................................................... 5

III.  **SETTLEMENT PROCESS HAS BEEN DUTIFULLY ADHERED TO** ....................................................................................... 6

    A.   Dissemination of Class Notices ........................................................ 6

    B.   No Objections and Only Two Requests for Exclusion Have Been Received ................................................................................. 7

IV.  **DISCUSSION** ........................................................................................ 8

    A.   The Settlement Meets the Standards Governing Final Approval ........................................................................................... 8

        1.   *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2001), Factors Are Not Present Here. ................................................................. 9

    B.   The Settlement Is Fair ................................................................... 10

        1.   Sufficient Discovery and Investigation Has Occurred. ................................................................................ 13

        2.   Class Counsel Are Experienced ........................................... 13

        3.   The Class Members' Response to The Settlement Is Further Evidence That the Settlement Is Fair and Reasonable. ........................................................................... 14

    C.   The Court Should Approve of The Settlement Administration Fee ...................................................................... 14

V.   **CONCLUSION** ................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*Augustus v. ABM Security Services, Inc.*
  (2016) 2 Cal.5th 257 ............................................................................................. 11

*Cortez v. Best Buy Stores,*
  (C.D. Cal. Jan. 25, 2012) 2012 WL 255345 ......................................................... 11

*Eisen v. Porsche Cars North America, Inc.,*
  2014 WL 439006 (C.D. Cal. Jan. 30, 2014) .......................................................... 13

*Guinn v. Sugar Transport of the Northwest, Inc.*
  (E.D. Cal. 2017) 2017 WL 6513306 ..................................................................... 11

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011, 1026 (9th Cir. 1998) ................................................................. 8, 10

*Heritage Bond Litigation,*
  2005 WL 1594403 ................................................................................................... 8

*Hernandez v. BCI Coca-Cola Bottling Company, Inc.,*
  554 Fed. Appx. 661 (9th Cir. 2014) ...................................................................... 11

*In re Bluetooth Headset Products Liability Litigation,*
  654 F.3d 935 (9th Cir. 2011) ................................................................................... 9

*In re MRV Communs., Inc. Derivative Litig.,*
  2013 WL 2897874 (C.D. Cal. June 6, 2013) ........................................................ 13

*In re Surebeam Corp. Secs. Litig.,*
  2004 WL 5159061 (S.D. Cal. 2004) ...................................................................... 14

*In re Taco Bell Wage & Hour Actions,*
  (E.D. Cal. 2016) 2016 U.S. Dist. LEXIS 48577 ................................................... 11

*Joel A. v. Giuliani,*
  218 F.3d 132 (2d Cir. 2000) .................................................................................... 8

*Lane v. Facebook, Inc.,*
  2010 WL 9013059 (N.D. Cal. March 17, 2010) ................................................... 13

*Lanzarone v. Guardsmark Holdings, Inc.,*
  (C.D. Cal. 2006) 2006 WL 4393465 ..................................................................... 11

*Linney v. Cellular Alaska P'ship,*
  151 F.3d 1234 (9th Cir. 1998) ............................................................................... 10

*Mandujano v. Basic Vegetable Products, Inc.*,
  541 F. 2d 832 (9th Cir. 1976) ........................................................................... 14

*Marshall v. Holiday Magic, Inc.*,
  550 F.2d 1173 (9th Cir. 1977) .......................................................................... 10

*Morey v. Louis Vuitton N. Am., Inc.*,
  2014 WL 109194 (S.D. Cal. Jan. 9, 2014) ........................................................ 12

*Officers for Justice v. Civil Service Comm. of City and County of San Francisco*,
  688 F. 2d 615 (9th Cir. 1982) ........................................................................... 10

*Stiller v. Costco Wholesale Corp.*,
  (S.D. Cal. 2014) 298 F.R.D. 611 ...................................................................... 11

*Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 2013 U.S. Dist. LEXIS 123298 (C.D. Cal. July 24, 2013) ................ 13

*Ugas v. H&R Block Enters., LLC*,
  (C.D. Cal. July 9, 2012) 2012 WL 5230297 .................................................... 12

*Van Ba Ma v. Covidien Holding, Inc.*,
  2014 U.S. Dist. LEXIS 76359 (C.D. Cal. 2014) ............................................... 10

*White v. Starbucks Corp.*,
  (N.D. Cal. 2007) 497 F.Supp.2d 1080 .............................................................. 11

**Statutes**

Fed. R. Civ. P. 23(a)(4) ........................................................................................... 13

Federal Rule of Civil Procedure 23 ......................................................................... 8

# NOTICE OF MOTION AND MOTION FOR
# FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**PLEASE TAKE NOTICE THAT** on August 31, 2020 at 8:30 a.m. at the United States District Court for the Central District of California located at 350 W. 1st Street, Courtroom 9D, 9th Floor, Los Angeles, California, Plaintiff Keairra Heaggans ("Plaintiff") will move this Court for an Order Granting Plaintiff's' Motion for Final Approval of Class Action Settlement. Defendants G2 Secure Staff, L.L.C. and G2 Secure Staff CA, L.P. (collectively, "G2" or "Defendants") do not oppose this Motion.

This motion is based upon this notice, the accompanying Memorandum of Points and Authorities filed herewith; the Court's Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement; the filings on record in this case; and upon such further evidence, both documentary and oral, that may be presented at the hearing of this motion.

DATED: August 10, 2020                **BRADLEY/GROMBACHER LLP**

                                            By:   /s/ Marcus J. Bradley
                                                Marcus J. Bradley, Esq.
                                                Kiley Lynn Grombacher, Esq.

                                                Attorneys for Plaintiff
                                                KEAIRRA HEAGGANS

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
Case No.: 2:17-cv-09206-GW-PLAx**

# MEMORANDUM OF POINTS AND AUTHORITIES

Named Plaintiff Keairra Heaggans ("Plaintiff") respectfully submits this memorandum of points and authorities in support of the Motion for Final Approval of Settlement of the class and representative action on behalf of current and former employees of Defendants G2 Secure Staff, L.L.C. and G2 Secure Staff CA, L.P. (collectively, "G2" or "Defendants").

## I.   INTRODUCTION

This motion seeks final approval of a $600,000 proposed class and representative action settlement achieved on behalf of 7,472 Class Members. The Joint Stipulation and Settlement Agreement (hereinafter "Joint Stipulation") was preliminarily approved by this Court on May 15, 2020. (*See* Dkt. No. 75). On that date, the Court preliminarily approved the settlement and ordered the dissemination of the notice of settlement to Class Members.

The notice period ends on August 13, 2020. In response to the notice of settlement, to date, no Class Member objected to the settlement and only two requested exclusion from the settlement. Plaintiff will be filing a Supplemental Declaration in Support of Motion for Final Approval on August 27, 2020. At that time, Plaintiff will provide the Court the final statistics regarding the number of Class Members who requested to be excluded from the settlement and whether any Class Members have objected to the settlement.

The estimated average settlement payment to each Class Member is $45.10 and the highest estimated payment is $61.03. *See* Declaration of Lindsay Kline ("Kline Decl."), ¶ 13. The Class Members' response as of the filing of this motion supports the Court's finding that the settlement is fair, reasonable, and adequate. For the reasons that follow, it is respectfully requested the Court grant this motion and find the settlement to be fair, reasonable, and adequate.

///

///

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
*Case No.:* **2:17-cv-09206-GW-PLAx**

## II. SUMMARY OF SETTLEMENT

As described in the motion for Preliminary Approval and stated in the Settlement Agreement, Defendants shall pay $600,000 (referred to as the "Gross Settlement Amount" or "GSA") which includes: (1) settlement administration costs of $28,000 (*see* Kline Decl. ¶ 17); (2) Class Representative Service Payment not to exceed $5,000 to the named Plaintiff; (3) attorneys' fees not to exceed $200,000 (33.3% of the GSA); and (4) attorney costs of $15,000[1]. All of these payments are subject to the Court's approval.

After the above amounts are subtracted from the GSA, the remaining portion of the GSA – referred to as the Net Settlement Fund ("NSF") – shall be available for distribution to Participating Class Members. After subtracting the above amounts, the NSF available for individual settlement payments is approximately $337,000.00.

Each Participating Class Member will receive a proportionate share of the NSA. Participating Class Members will receive a proportional share of the Gross Settlement Fund through individual settlement payments. Settlement calculations were divided into three subclasses; Settlement Class Members, Wage Statement Members and Former Subclass Members. Of the Net Settlement Fund, 80% was paid as an equal distribution to all participating Settlement Class members ($269,600.00), 10% was paid to Wage Statement Members based on pro rata of Pay Periods ($33,700.00), and the remaining 10% was paid as an equal distribution to participating Former Subclass Members (33,700.00).

///

---

[1] The reimbursement of actual costs to Plaintiff's Counsel to date are $8,684.43. It is anticipated additional costs will be incurred with the filing of the herein motion and well as costs associated with the hearing of same. Nonetheless, ultimately the costs will not exceed the $15,000.00. Accordingly, the remining costs will be redistributed to the class thereby increasing the average settlement amount.

-5-
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
*Case No.:* **2:17-cv-09206-GW-PLAx**

As will be discussed, the settlement has been a success, with no objections to the settlement submitted by Class Members and only two requests for exclusion submitted to date. The Class response and settlement shares to class members further demonstrate the settlement being fair, reasonable and adequate.

## III. SETTLEMENT PROCESS HAS BEEN DUTIFULLY ADHERED TO

### A. Dissemination of Class Notices

Preliminary Approval was granted on May 15, 2020. At that time Simpluris was appointed by the Court as the Settlement Administrator. Simpluris has complied with the Court's orders concerning dissemination of the Class Notice by first-class regular U.S. Mail.

On June 1, 2020, Counsel for Defendants provided Simpluris with the mailing list ("Class List") containing Class Members' names, most recent mailing address and telephone numbers, social security numbers, and pertinent employment information for each Class Member during the Class Period. The Class List contained data for seven thousand five hundred and eighty-eight (7,588) Class Members. (Kline Decl. ¶ 6.)

On June 22, 2020, Defense Counsel informed Simpluris that an inadvertant sorting error caused Class Member names and addresses to be mismatched. Simpluris Data Analysts reviewed the new data and determined the new class total of seven thousand four hundred and seventy-four (7,474) Class Members. (Kline Decl. ¶ 7.)

On June 29, 2020, Simpluris re-mailed a Correction Notice Packet to all Class Members, informing them of the extended response deadline, via First Class mail or updated via the NCOA search. A copy of the Correction Notice Packet is attached to the Kline Declaration. (Kline Decl. ¶ 8.)

The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. The NCOA contains requested changes of address filed

with the U.S. Postal Service. In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA would be utilized in connection with the mailing of the Notice Packets. Simpluris was able to locate seven hundred and seventy one (771) updated addresses through the NCOA search. (Kline Decl. ¶ 9.)

As of this date, ninety hundred and twenty-two (922) Class Notices have been returned to Simpluris, of which, four hundred thirty-nine (439) had a forwarding address provided by the Post Office. Simpluris promptly re-mailed the Notice Packet to Class Member's with a forwarding address. If a Class Member's Notice Packet was returned by the USPS as undeliverable and without a forwarding address, Simpluris performed an advanced address search (i.e. skip trace) on all of these addresses by using Accurint, a reputable research tool owned by Lexis-Nexis. Simpluris used the Class Member's name and previous address to locate a current address. Through the advanced address searches, Simpluris was able to locate four hundred eighty-three (483) updated addresses and Simpluris promptly mailed Notice Packets to those updated addresses. As of the date of the Kline Declaration there are sixty-six (66) Notice Packets that are undeliverable. (Kline Decl. ¶ 10.)

**B. No Objections and Only Two Requests for Exclusion Have Been Received**

The deadline to file an objection to the Settlement is August 13, 2020 for the individuals who were mailed a Notice Packet. To date, no objections have been filed with the Court or submitted to Simpluris and two requests for exclusion from the settlement were received by Simpluris. (Kline Decl. ¶¶14-15.) All Class Members who do not submit a request for exclusion will receive a settlement payment. Therefore, 7,472 Participating Class Members are set to receive a Settlement Payment. (Kline Decl. ¶ 11.)

///

///

///

## IV. DISCUSSION

### A. The Settlement Meets the Standards Governing Final Approval.

Matters that have been filed as class actions require court approval before a settlement can be consummated. *See* Fed. R. Civ. Proc. ("FRCP") 23(e). FRCP 23(e) provides that any compromise of a class action must receive Court approval. The Court has broad discretion to grant approval and should do so where the proposed settlement is "fair, adequate, reasonable, and not a product of collusion." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998); *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000). In determining whether a settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Heritage Bond Litigation*, 2005 U.S. Dist. LEXIS 13555, *9 (C.D. Cal. June 10, 2005) (*citing Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)).

Approval of a class action settlement involves a two-step process. In determining whether to grant final approval of the settlement, a court examines the terms for overall fairness and, in so doing, balances the following factors: the strength of the plaintiff's case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed; the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; the reaction of the class members to the proposed settlement. *Hanlon*, 150 F.3d at 1026.

Here, the proposed settlement was reached only after undertaking a robust factual and legal investigation into Defendants' pay structures and wage and hour policies. These efforts culminated in the Parties reaching an agreement to settle. The settlement amount takes into consideration the risks with regard to the certifying Plaintiff's claims, as well as difficulties associated with prevailing on the merits. In light of these risks, the settlement amount is well within the ballpark of

-8-

reasonableness.

### 1. *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2001), Factors Are Not Present Here.

In *Bluetooth,* the Ninth Circuit articulated factors that need to be considered, especially where a settlement has been reached prior to formal class certification. *In re Bluetooth Headset Products Liability Litigation* ("*Bluetooth*"), 654 F.3d 935, 946 (9th Cir. 2011). As such, settlement agreements reached prior to class certification must withstand a higher level of scrutiny for signs of collusion or other conflicts of interest than ordinarily required under Rule 23(e). The three signs *Bluetooth* instructs trial courts to look for are:

> 1. When class counsel receives a disproportionate distribution of the settlement, or when the class receives no monetary distribution but counsel is amply rewarded;
> 2. When the parties negotiate a 'clear sailing' arrangement providing for the payment of attorney's fees separate and apart from class funds without objection by Defendants;
> 3. When the parties arrange for fees not awarded to revert to Defendants rather than be added to the class fund. *Id* at 947.

This settlement passes the *Bluetooth* test. This settlement was not driven by attorneys' fees, and Class Counsel is not receiving a disproportionate distribution of the settlement. The NSA is almost 1.5 times greater than the fees requested by Class Counsel who are requesting $200,000.00 (33.3% of the GSA); the NSA is approximately $337,000 and will increase as the costs requested of $15,000 is approximately $7,000 more than the attorney costs actually incurred. The remainder will necessarily revert to the class. Additionally, although the settlement agreement states that Defendants will not object to attorney fees up to 33.3% of the GSA, any amount requested by Class Counsel and not awarded by the Court shall become part of the NSF and be available for distribution to Participating Class Members. Further, 100% of the NSF will be paid out to Participating Class Members as there is no reversion to Defendants. Accordingly, unlike the settlement agreement in *Bluetooth,* the instant settlement cannot be said to arouse suspicion of collusion.

-9-

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
*Case No.: 2:17-cv-09206-GW-PLAx*

## B. The Settlement Is Fair

When evaluating the settlement terms for purposes of ruling on whether to finally approve it, the Court is to review the strength of a plaintiff's case, including "the probable outcome of a trial on the merits of liability and damages as to the claims, issues, or defenses of the class and individual class members." *Van Ba Ma v. Covidien Holding, Inc.*, 2014 U.S. Dist. LEXIS 76359, *6-7 (C.D. Cal. 2014) (*citing Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173 (9th Cir. 1977)). In ruling on final approval, the "fairness hearing is not to be turned into a trial or a rehearsal for trial on the merits." *Id.* (*quoting Officers for Justice v. Civil Serv. Comm'n of the City and Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)).

There is no standard or benchmark for determining whether a settlement is fair. "Ultimately the district court's determination is nothing more than 'an amalgam of delicate balancing, gross approximations and rough justice.'" *Officers for Justice v. Civil Service Comm. of City and County of San Francisco*, 688 F. 2d 615, 625 (9th Cir. 1982). A court should weigh the benefits that the settlement will realize for the class against the uncertainty of litigation and the possibility that the class members would obtain no relief in the absence of a settlement. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) ("...it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements."); *see also Hanlon*, 150 F.3d at 1026 (When considering the fairness of a proposed class settlement, courts consider the strength of a plaintiff's case against the risk, expense, complexity and likely duration of further litigation.).

The liability questions in this case touched on California's wage and hour laws, which touched on the ever-changing legal landscape. Plaintiff argue that Defendants's wage statements fail to comply with the requirements of California Labor Code §226(a), as they fail to itemize wage statements of all current and former non-exempt individuals who were employed by Defendants and who

-10-

received at least one wage statement with an 'Adjustment' and/or 'Diff' line item at any time from October 17, 2016 through May 15, 2020. Defendants contends that its paystubs are fully compliant.

Plaintiff also contends Defendants failed to authorize full net 10-minute rest breaks in a suitable resting facility, in violation of the IWC Wage Orders. Defendants argues that it provides legally compliant duty-free rest breaks that comport with the requirements set forth in *Brinker* and provides its employees with break rooms in each of its facilities. Plaintiff further contends Defendants has a policy prohibiting employees from leaving company premises while clocked in, with no abatement of this policy during rest breaks, in violation of Labor Code § 226.7, *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257 and *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004.

In some cases, these theories of recovery have been found to insinuate individual questions as to the circumstances surrounding why each individual believed the company prevented them from taking meal and rest breaks the policies purport to make available. *See In re Taco Bell Wage & Hour Actions* (E.D. Cal. 2016) 2016 U.S. Dist. LEXIS 48577 * 20; *Guinn v. Sugar Transport of the Northwest, Inc.* (E.D. Cal. 2017) 2017 WL 6513306 *7 (commonality not met when an inquiry would have to be made as to why each individual did not take their breaks at scheduled times); *Stiller v. Costco Wholesale Corp.* (S.D. Cal. 2014) 298 F.R.D. 611, 626 (certification denied where the policy at issue did not automatically trigger liability); *White v. Starbucks Corp.,* (N.D. Cal. 2007) 497 F.Supp.2d 1080, 1089 ("employee must show that he was forced to forego his meal breaks as opposed to merely showing that he did take them regardless of the reason"); *Cortez v. Best Buy Stores* (C.D. Cal. Jan. 25, 2012) 2012 WL 255345 ("each employee would have to testify as to what she was told…by her specific manager [regarding when to take breaks]"; *Lanzarone v. Guardsmark Holdings, Inc.* (C.D. Cal. 2006) 2006 WL 4393465 *7 ("[i]f a claim is based substantially on oral rather than written

-11-

communications, class action is inappropriate as a matter of law."); *Ugas v. H&R Block Enters., LLC* (C.D. Cal. July 9, 2012) 2012 WL 5230297 *5 (denying certification where individual inquiries into meal break practices would predominate rather than written policies).

Moreover, Plaintiff's PAGA claims are based on the same alleged unlawful conduct as their class claims. Therefore, PAGA penalties could only be awarded if the factfinder agreed with Plaintiff's theories of liability. Should the Court agree with any of Defendants's defenses to certification or on the merits, the potential exposure for PAGA would be reduced and any associated PAGA penalties would be extinguished, as penalties can only be awarded if the Court agrees with Plaintiff's underlying allegations. Further, these penalties would be duplicative of the recovery from the underlying violations. Therefore, Plaintiff recognizes and reasonably believes the Court would significantly reduce any PAGA penalties if Defendants was determined to be the employer and found liable for the underlying Labor Code violations.

Although Plaintiff remains confident in the strength of her claims and believes this case is suitable for certification on the claimed basis there are company-wide policies that Plaintiff contends violate California law and uniformly affect all non-exempt employees, Defendants' counter-arguments raise uncertainties with respect to both class certification and success on the merits. This settlement represents a well-crafted compromise of the divergent positions of the Parties that provides substantial benefits for the Class. Each side evaluated the strengths and weaknesses of their case and independently concluded that this settlement represents a responsible means of addressing Plaintiff's' claims and Defendants' defenses.

Another factor considered by some courts in approving a settlement is the complexity, expense and likely duration of the litigation. *Morey v. Louis Vuitton N. Am., Inc.*, 2014 WL 109194, *5 (S.D. Cal. Jan. 9, 2014); *In re MRV Communs.,*

-12-

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
Case No.: **2:17-cv-09206-GW-PLAx**

*Inc. Derivative Litig.*, 2013 WL 2897874, *2 (C.D. Cal. June 6, 2013). In applying this factor, a court should weigh the benefits of the settlement against the expense and delay involved in achieving an equivalent or even more favorable result at trial. *Lane v. Facebook, Inc.*, 2010 WL 9013059, *5 (N.D. Cal. March 17, 2010). Here, litigating the case through to trial would have been expensive, required numerous hours of work, involved substantial risk, and would not have been fully resolved for years. In contrast, the proposed settlement provides significant and certain compensation that is available now as opposed to potentially and hypothetically sometime in the distant future.

Finally, employment cases (including wage and hour cases) can be expensive and time-consuming to prosecute. The alternative to a class settlement – i.e., individual litigation – would tax private and judicial resources over a period of years. As such, the settlement in this case is consistent with the "overriding public interest in settling and quieting litigation" that is "particularly true in class action suits" and thus, provides another reason to approve the settlement. *Eisen v. Porsche Cars North America, Inc.,* 2014 WL 439006 at *3 (C.D. Cal. Jan. 30, 2014); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 2013 U.S. Dist. LEXIS 123298, *253-54 (C.D. Cal. July 24, 2013); 4 Newberg § 11.41 at 87-89.

### 1. Sufficient Discovery and Investigation Has Occurred.

Plaintiff in this matter propounded special interrogatories and demands for production of documents to which Defendants responded. Defendants produced nearly thousands of documents. These documents were comprised of its wage and hour policies, including meal and rest breaks, time keeping policies, time and wage records, and its business organization charts.

### 2. Class Counsel Are Experienced

Class Counsel has and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement requires

"that the representative party's attorney be qualified, experienced, and generally able to conduct the litigation." *In re Surebeam Corp. Secs. Litig.*, 2004 WL 5159061, *5 (S.D. Cal. 2004). In this case, Plaintiff's Counsel, Bradley/Grombacher, LLP, meet this standard and have been appointed class counsel in numerous class actions. (*See* Declaration of Marcus Bradley.)

### 3. The Class Members' Response to The Settlement Is Further Evidence That the Settlement Is Fair and Reasonable.

The Ninth Circuit has held that the number of class members who object to a proposed settlement is a factor to be considered in determining a settlement's fairness. *Mandujano v. Basic Vegetable Products, Inc.*, 541 F. 2d 832, 837 (9th Cir. 1976). To date, not a single Class Member has objected to the settlement and only two requested to be excluded from the settlement. Kline Decl. ¶¶ 14, 15. The lack of objections and low number of requests for exclusion evidence the Class Members' endorsement of this non-reversionary settlement. Additionally, Plaintiff will file a Supplemental Declaration in Support of Motion for Final Approval on August 27, 2020 providing the Court with the final number of objections and opt-outs, should any occur, prior to the response deadlines of August 13, 2020 and August 27, 2020.

### C. The Court Should Approve of The Settlement Administration Fee

The Parties agreed to hire Simpluris to be the Settlement Administrator, a choice the Court approved in conjunction with granting preliminary approval. Simpluris was responsible for mailing the Class Notice to Class Members, obtaining better addresses for undeliverable Class Notices, responding to Class Member inquiries, providing weekly status reports to all counsel, receiving all communications from the Class Members, and providing a declaration documenting its duties and responsibilities to ensure the Class Members were given notice of the Settlement. (Kline Decl. ¶ 3). Following the grant of final approval, Simpluris will continue to calculate the payments to Participating Class Members, calculate the

withholding taxes, and transmit to the appropriate government agencies, send the individual Settlement Shares to Participating Class Members, distribute other payments ordered by the Court, follow up with un-cashed checks, and perform such other duties as described in the settlement agreement. (Kline Decl. ¶ 17). Simpluris' fee of $28,000 for services rendered and to be rendered is fair and reasonable and should be granted. (Kline Decl. ¶ 17.)

## V. CONCLUSION

In light of the foregoing, Plaintiff requests the Court find the settlement fair, reasonable, and adequate and grant this Final Approval Motion. Plaintiff further request that the Court enter final judgment.

DATED: August 10, 2020     **BRADLEY/GROMBACHER LLP**

By:  /s/ Marcus J. Bradley
Marcus J. Bradley, Esq.
Kiley Lynn Grombacher, Esq.

Attorneys for Plaintiff
KEAIRRA HEAGGANS

-15-

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT**
*Case No.:* **2:17-cv-09206-GW-PLAx**