JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEAIRRA HEAGGANS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>G2 SECURE STAFF, L.L.C., a Texas limited liability company; G2 SECURE STAFF CA, L.P., a California limited partnership, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: CV 17-9206-GW-PLAx<br><br>[Hon. George H. Wu]<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT AND JUDGMENT** |

WHEREAS, Plaintiff Keairra Heaggins ("Plaintiff") has applied to this Court for an Order finally approving the Settlement of this Action in accordance with the Joint Stipulation of Class and Representative Action Settlement ("Settlement Agreement"); and

WHEREAS, the Court has read and carefully considered Plaintiff's Motion For Final Approval of Class and Representative Action Settlement ("Final Approval Motion"), the declarations filed in support thereof, and any oral argument made at the Final Approval Hearing, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. For purposes of this Final Approval Order and Judgment ("Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement filed in this Action.

2. The Court hereby GRANTS final approval of the Settlement. In full settlement of the claims that were encompassed by this case.

3. The Court finds that the Settlement was made and entered into in good faith and hereby approves the Settlement as fair, adequate and reasonable to all Class Members. No objections were received. Any Class Members who have not timely and validly requested exclusion from the Class are thus bound by this Judgment.

**Class Certification**

4. In the Court's May 27, 2020 Corrected Order Granting Renewed Motion for Preliminary Approval of Class and Representative Action Settlement ("Preliminary Approval Order"), the Court certified the Class for purposes of settlement. [Dkt. No. 77.] The Court finds, for purposes of settlement only, that the Class meets the requirements for certification on all other theories under Rule 23 of the Federal Rules of Civil Procedure in that: (1) the Class is so numerous that

joinder of all members is impractical; (2) there are questions of law and fact that are common to the Class which predominate over individual issues; (3) Plaintiff's claims are typical of the claims of the Class; (4) Plaintiff and her counsel will fairly and adequately protect the interests of the Class; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. For purposes of effectuating the Settlement, the Court finally certifies the following Class: all current and former non-exempt individuals who were employed by Defendant G2 Secure Staff, L.L.C. in California at any time from October 9, 2016 through May 15, 2020, and the following subclasses:

(1) Wage Statement Subclass for settlement purposes only defined as: "all current and former non-exempt individuals who were employed by Defendant G2 Secure Staff, L.L.C. in California and who received at least one wage statement with an 'Adjustment' and/or 'Diff' line item at any time from October 17, 2016 through May 15, 2020" (the "Wage Statement Subclass"); and

(2) Former Employee Subclass for settlement purposes only defined as: "all former non-exempt individuals who were employed by Defendant G2 Secure Staff, L.L.C. in California at any time from October 9, 2016 through May 15, 2020 and whose employment ended on or before May 15, 2020" (the "Former Employee Subclass").

5. The certification of the Class and subclasses is without prejudice to Plaintiff's and Defendant's rights under the Settlement Agreement if the Settlement Agreement and this Judgment do not become effective, as provided in the Settlement Agreement.

6. In the Court's May 27, 2020 Preliminary Approval Order, Plaintiff Keairra Heaggans was appointed as class representative. [Dkt. No. 77.] The Court confirms Plaintiff's appointment for purposes of this Settlement.

7. In the Court's May 27, 2020 Preliminary Approval Order, Bradley/Grombacher LLP was appointed as Class Counsel. [Dkt. No. 77.] The Court confirms their appointment for purposes of this Settlement.

### Class Notice

8. Notice to Class Members, as set forth in the Settlement Agreement, has been completed in conformity with the terms of the Settlement Agreement and Preliminary Approval Order as to all Class Members who could be identified through reasonable efforts. The Court finds that said notice was the best notice practicable under the circumstances. The Class Notice provided due and adequate notice to Class Members of the proceedings and of the matters set forth therein, including the Settlement, and the manner by which objections to the Settlement could be made and Class Members could opt out of the Settlement. The Class Notice fully satisfied the requirements of due process.

### Objections and Requests for Exclusion

9. Zero (0) objections to the Settlement were submitted by any Class Members.

10. Requests for Exclusion were submitted by four (4) Class Members. The Court finds that the following Class Members each submitted a valid and timely Request for Exclusion and therefore shall not be bound by the terms of the Settlement:
   1. Soraya Pursoltani
   2. Donnah Griffin
   3. Taahira Bholat
   4. Tatsiana Darashevich

### Release of Claims, Dismissal, and Injunction

11. Plaintiff and all other Class Members, except the Class Member(s) identified in Paragraph 10 above, shall have, by operation of this Judgment, fully, finally, and forever released, relinquished, and discharged the Releasees from all Released Claims as defined by the Settlement Agreement: any and all causes of

-4-

action and/or known and unknown claims which have been or could have been asserted against the Releasees (as defined below) alleging violations of California Labor Code sections asserted by Plaintiff in her Complaint including, but not limited to, sections 201-204, 223, 226, 226.7, 510, 558, 1174, 1194, 1197, 1197.1, 1198, 1199, California Business & Professions Code section 17200 et seq., Labor Code section 2698 et seq., and the applicable wage order, including claims for failure to pay regular, overtime, minimum, or final wages, failure to pay premium pay for unprovided rest periods, failure to provide accurate itemized wage statements, claims for statutory and civil penalties and interest under all applicable law, interest, and attorneys' fees. The Released Claims includes a release of representative claims brought pursuant to PAGA, Labor Code section 2698 et seq., based on any and all of the preceding underlying alleged Labor Code violations. In addition, all Class Members who cash their settlement check will release the Releasees from any and all claims for violation of the FLSA during the Class Period.

12. Plaintiff and all other Class Members, except the Class Member(s) identified in paragraph 10 above, are hereby enjoined from filing or prosecuting any other cases, claims, suits or administrative proceedings involving Released Claims.

13. The Court orders Plaintiff's meal period claim dismissed with prejudice as to Plaintiff individually and without prejudice as to any absent Class Members.

14. The Court hereby orders that Plaintiff and Class Members who did not timely object to the Settlement are barred from prosecuting or pursuing any appeal of the Court's final approval of the Settlement and Judgment. Plaintiff's individual claims, class claims, and PAGA representative claims are hereby dismissed with prejudice as to Plaintiff and Class Members (except the Class Member(s) identified in paragraph 10 above).

**Payments Pursuant to the Settlement Agreement**

15. The Court finds that the Gross Settlement Amount, the Net Settlement Amount, and the methodology used to calculate and pay each Class Member's Settlement Payment are fair and reasonable, and authorizes the Settlement Administrator to distribute the Settlement Payments to the Class Members in accordance with the terms of the Settlement Agreement.

16. If a Class Member fails to cash or deposit his/her settlement check within 180 days of mailing, including if a Settlement Payment is returned undeliverable and a valid mailing address cannot be ascertained, his/her Settlement Payment shall be sent to the California Secretary of State Unclaimed Property Fund. Class Members who fail to cash their check within 180 calendar days of mailing will still be bound by the Settlement, including the Released Claims, and this Judgment.

17. Class Counsel shall be paid $150,000 as their attorneys' fees and $8,684.43 as their costs and expenses from the Gross Settlement Amount in accordance with the terms of the Settlement Agreement. The Court finds these amounts to be fair and reasonable and sufficiently supported. The Parties shall bear her, its, or their own respective attorneys' fees and costs except as otherwise provided in the Settlement Agreement and approved pursuant to this Final Approval Order.

18. Plaintiff Keairra Heaggans shall be paid a Service Payment in the amount of $5,000 from the Gross Settlement Amount in accordance with the terms of the Settlement Agreement. The Court finds this amount to be fair and reasonable and sufficiently supported.

19. The Settlement Administrator shall be paid $28,000 from the Gross Settlement Amount for the costs and expenses of administering the Settlement.

20. A payment in the amount of $15,000 from the Gross Settlement Amount, which is 75% of the amount allocated as the Private Attorneys General

Act of 2004 ("PAGA") civil penalties pursuant to California Labor Code sections 2698 *et seq.* shall be made by the Settlement Administrator directly to the California Labor and Workforce Development Agency. 25% of the amount allocated as PAGA civil penalties (*i.e.*, $5,000) will be included in the Net Settlement Amount allocated to the Class Members.

### Other Provisions

21. The Parties shall implement the Settlement according to its terms.

22. The Court hereby directs that the clerk of the Court enter the Court's order as a Judgment. This document shall constitute a Judgment. This Judgment may not be construed, or be used, as an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant.

23. The Court hereby orders that, without affecting the finality of the Judgment, it reserves continuing jurisdiction over the Parties for the purposes of implementing, enforcing and/or administering the Settlement or enforcing the terms of the Judgment.

24. Nothing in the Settlement, this Final Approval Order, or Judgment purports to extinguish or waive Defendant's rights, including to continue to oppose the merits of the claims in this action or class treatment of these claims in this action if the Settlement fails to become Final or effective, or in any other case without limitation. The Settlement is not an admission by Defendant, nor is this Final Approval Order or Judgment that Plaintiff has asked the Court to enter based on this order a finding of the validity of any allegations against Defendant in the Court proceeding or any wrongdoing by Defendant. The Settlement, this Final Approval Order, and/or the Judgment are not findings that certification of the Class or subclasses is proper for any purpose or proceeding other than for settlement purposes. If the Settlement does not become final and effective in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated and, in

such event, all related orders entered and all releases delivered in connection herewith also shall be rendered null and void.

25. Pursuant to Labor Code section 2699(l)(3), Plaintiff shall submit a copy of this Judgment to the LWDA within ten calendar (10) days of its execution and entry by the Court.

**IT IS SO ORDERED.**

Date: August 31, 2020

_____
HON. GEORGE H. WU
U.S. DISTRICT JUDGE